**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) THE KIAMICHI RIVER LEGACY ALLIANCE, INC.,** *et. al.*, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:19-cv-00108-RAW** |
| | ) | |
| **(1) DAVID BERNHARDT, in his official capacity as acting Secretary of the United States Department of the Interior,** *et. al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT [1]

JURY DEMANDED:  _____ Yes  ___X___ No.

I.      Summary of Claims: Plaintiffs' have brought an action against Defendants for violations of the Endangered Species Act ("ESA") 16 U.S.C. § 1531 et seq. for: (1) failing to undertake the consultation process under § 7 (a)(2) of the ESA (only Defendant Secretary David Bernhardt) and (2) for violation of the "take" provision of the ESA, § 9. These actions involve endangered mussel species in the Kiamichi River of Southeastern Oklahoma.

II.      Summary of Defenses:

Secretary Bernhardt's Defenses: Plaintiffs' claims are not ripe. Plaintiffs lack Article III standing to bring their claims. Plaintiffs fail to state an ESA Section 7(a)(2) claim against Secretary Bernhardt. Plaintiffs fails to state an ESA Section 9 claim against Secretary Bernhardt. Secretary Bernhardt reserves his right to assert other defenses if his pending motion to dismiss is denied and

---

1 Defendants do not waive any defense previously raised by submission of this Joint Status Report. The State and Nations specifically do not waive their defense of sovereign immunity from suit, as set forth in their motions to dismiss, and the arguments raised in their motion to stay discovery.

*Revised September 2018.*

he is required to file an answer.

Defendants Kevin Stitt, in his official capacity as Governor of the State of Oklahoma, and Julie Cunningham, in her official capacity as Executive Director of the Oklahoma Water Resources Board have raised the following defenses in their pending motion to dismiss: The Complaint fails to state a claim under Section 7 of the ESA because the United States' execution of the Settlement Agreement was a non-discretionary act and there is otherwise no action taken that implicates the requirements of Section 7; the Complaint fails to state a claim under Section 9 of the ESA because no act by the State is a proximate cause of the alleged taking; the claims in the Complaint are not ripe; Plaintiffs do not have standing; the State did not waive its sovereign immunity from suit; the State is a required party but its sovereign immunity deprives the Court of subject matter jurisdiction and the case cannot continue in the absence of the State. The State reserves its right to assert other defenses if its motion to dismiss is denied and it is required to file an answer.

Defendants Bill Anoatubby, in his official capacity as Governor of Chickasaw Nation and Gary Batton, in his official capacity as Chief of the Choctaw Nation of Oklahoma (collectively the "Nations") have raised the following defenses in their pending motion to dismiss: The Nation's sovereign immunity bars this action and Plaintiffs fail to make any allegation that either Nation has waived its respective immunity; Plaintiffs' Section 7 claim challenges a non-discretionary administrative action and fails to seek relief against any named Defendant; Plaintiffs' Section 9 claim fails to establish any causal link between any tribal official action and any "take"; the Nations are, nonetheless, required parties to adjudicate Plaintiffs Complaint, because, whether intended by the Plaintiffs or not, their lawsuit, nevertheless, jeopardizes the Nations' interests in the congressionally-approved Settlement Agreement, which agreement resolves both Nations' water rights claims and also creates a framework for the management of water resources within their treaty territory, consequently the Nations' interests could be prejudiced or impaired by their

*Revised September 2018.*

absence; because the Nations are required parties under Rule 19(a)(1) and the Nations' sovereign immunity bars Plaintiffs' suit against Defendants Governor Anoatubby and Chief Batton, joinder is not feasible, thereby necessitating dismissal. Defendants reserve their right to assert other defenses if their motion to dismiss is denied and they are required to file an answer.

Defendants David Holt, in his official capacity as Mayor of the City of Oklahoma City, and Carl Edwards, in his official capacity as Chairman of the Board of Trustees of the Oklahoma City Water Utilities Trust have raised the following defenses in their pending motion to dismiss: Plaintiffs claim under Section 7 of the ESA is not ripe and should be dismissed for lack of subject matter jurisdiction; Plaintiffs fail to state a claim under Section 7 of the ESA because the Secretary's act of signing the Settlement Agreement is a non-discretionary act; Plaintiffs' claim under Section 9 of the ESA is not ripe and should be dismissed for lack of subject matter jurisdiction; and Plaintiffs fail to state Section 7 and Section 9 claims under the ESA because the relief requested cannot be granted without violating the Anti-Commandeering Doctrine. Defendants reserve their right to assert other defenses if their motion to dismiss is denied and they are required to file an answer.

III.    Motions Pending:

1. Document 33 – Federal Defendants Combined Motion to Dismiss and Memorandum in Support Thereof – 06/24/2019

2. Document 34 - Motion to Dismiss and Brief in Support of Defendants Kevin Stitt, in his official capacity as Governor of the State of Oklahoma, and Julie Cunningham, in her official capacity as Executive Director of the Oklahoma Water Resources Board – 06/24/2019

3. Document 35 – Motion to Dismiss and Brief in Support by Defendants David Holt, in his official capacity as Mayor of the City of Oklahoma City, and Carl Edwards, in his official capacity as Chairman of the Board of Trustees of the Oklahoma City Water Utilities Trust –

06/24/2019

    4. Document 36 – Motion to Dismiss and Brief in Support by Defendants Bill Anoatubby, in his official capacity as Governor of Chickasaw Nation, and Gary Batton, in his official capacity as Chief of Choctaw Nation of Oklahoma – 06/24/2019

    5. Document 43 - Motion to Stay Discovery by the State and Nations based on the asserted sovereign immunity of the State and the Nations to all of Plaintiffs claims, filed August 2, 2019.

IV.    Stipulations:

    A.    Jurisdiction Admitted:    _____ Yes    __X No    (If no, explain.)

    All Defendants have filed motions pursuant to Fed. R. Civ. P. 12(b)(1).

    B.    Venue Appropriate:    __X__ Yes    _____No (If no, explain.)

    C.    Facts:

    1. The Kiamichi River flows west and south in Southeast Oklahoma.

    2. The mussels Ouachita rock pocketbook (*Arcidens (Arkansia) wheeleri*) and the scaleshell (*Leptodea Leptodon*) (the "Endangered Mussels") are listed as endangered species under the ESA and inhabit some of the river bed.

    3. Endangered Mussels have been identified at various sites in the streambed of the Kiamichi River.

    4. On October 10, 2017, Defendant Oklahoma Water Resources Board (OWRB) issued a Findings of Fact, Conclusions of Law and Board Order which approved a permit for Defendant Oklahoma City that authorizes Oklahoma City to divert 115,000-acre feet of stream water per year from the Kiamichi River, subject to the conditions of the permit and the Settlement Agreement.

    .

*Revised September 2018.*

D.      Law:

ESA, 16 U.S.C. §§ 1531 *et seq.*, and regulations promulgated thereunder.

V.      Proposed Deadlines:

It is Defendants' position that, given the four pending motions to dismiss, it is too early to establish proposed deadlines. Only once those motions are resolved, will it be clear what defendants and what claims remain in the case. Defendants propose that the parties file a revised joint status report 30 days after the motions to dismiss are resolved.

A.      Does counsel anticipate adding additional parties or amendment of pleadings?

If the Court does not grant the State's motion to dismiss, the State will move the Court to substitute the OWRB Board for defendant Cunningham. Plaintiffs are not expected to oppose this substitution.

The City expects to move the Court to substitute the City Manager for the City of Oklahoma City for Defendant Holt. Plaintiffs are not expected to oppose this substitution.

B.      Date for counsel to submit an agreed protective order, if needed:

Plaintiffs propose September 1, 2019

Defendants do not concede that discovery is appropriate or available for the claims stated in the complaint. Even if it were, Defendants propose that this deadline be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss.

C.      Proposed discovery cutoff date:

Plaintiffs propose August 1, 2020.

Defendants do not concede that discovery is appropriate or available for the claims stated in the complaint. Even if it were, Defendants propose that this deadline be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss.

D.      Expert Disclosure deadlines for Plaintiff(s), Defendant(s), and Rebuttals:

*Revised September 2018.*

5

<u>Plaintiffs' Proposal:</u>

Initial Expert Disclosures & Reports – (Plaintiff & Defendant) April 1, 2020

Rebuttal Reports: June 1, 2020

Defendants do not concede that discovery is appropriate or available for the claims stated in the complaint. Even if it were, Defendants propose that these deadlines be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss.

E.     Case ready for trial (month/year):

Plaintiffs propose *October 2020*.

Defendants propose that this deadline be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss. Defendants do not agree to October, 2020 and do not concede that this matter is appropriate for trial.

F.     Anticipated number of trial days (excluding jury selection):

Plaintiffs propose 4 days.

Defendants do not concede that this matter is appropriate for trial. Even if it were, Defendants propose that this deadline be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss.

G.     If this is a declaratory action or one that will be decided on an administrative record, please indicate a proposed schedule for filing of the administrative record, opening briefs and response briefs.

It is Plaintiffs' position that this is not applicable because the case was brought under the citizens suit provision of the Endangered Species Act and not the Administrative Procedure Act. See *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 481 (9th Cir. 2011) ("We review

claims brought under the ESA under the citizen-suit provision of the ESA or, when the citizen-suit provision is unavailable, under the APA").

It is Defendants' position that judicial review of claims brought under the ESA citizen-suit provision is governed by the Administrative Procedure Act ("APA"). *See Coal. For Sustainable Res., Inc. v. U.S. Forest Serv*., 259 F.3d 1244, 1249 (10th Cir. 2001) (citations omitted); *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1579 (10th Cir. 1994) (subjecting an APA-based claim to discovery is "fundamentally inconsistent" with the judicial review process required under the APA). However, given the pending motions to dismiss, it is premature to commit to preparing and filing an administrative record. Secretary Bernhardt proposes that these deadlines be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss.

VI.     Fed. R. Civ. P. 26 Discovery Plan

A.     Have initial disclosures under Rule 26(a)(1) been exchanged *and filed*?

Disclosures are due August 5, 2019.

B.     If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed?

Not applicable.

C.     Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

It is Plaintiffs' position, no.

Secretary Bernhardt does not concede that discovery is appropriate or available for the claims stated in the complaint. Secretary Bernhardt reserves the right to move the court to limit judicial review to the administrative record and to quash any discovery requests.

Yes, the State and Nations have moved to have all discovery against them stayed based on their assertion of sovereign immunity as a defense to this suit, *see, e.g.*, *Univ. of Texas at Austin v.*

*Revised September 2018.*

*Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996); *see Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188 (10th Cir. 2010) (Doc. No. 43, filed August 2, 2019). Additionally, discovery should not be permitted with regard to those claims that may be subject to administrative record review in the event the State and Nations claims as to sovereign immunity are denied by the Court.

      D.    Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?

      No.

      E.    Proposed Number of fact and expert depositions

      1.    To be allowed for Plaintiff: 9 fact depositions; and 1 expert deposition for each expert designated by Defendants.

      2.    To be allowed for Defendants:

Defendants propose that these estimates be established in a revised case management report to be filed 30 days after resolution of the pending motions to dismiss. Further, Secretary Bernhardt does not concede that discovery is appropriate or available for the stated claims against him nor that discovery is available on these claims with respect to any agency within, or individual employed by, the United States Department of the Interior.

      F.    Is there a need for any other special discovery management orders by the court?

      No.

VII.    Do all parties consent to a Magistrate Judge conducting jury selection, if applicable?

      Not Applicable.

      Do all parties consent to trial before a Magistrate Judge?

      _____ Yes      _____X_____ No

VIII.   Are Dispositive Motions Anticipated?   *If so, describe them.*

Plaintiffs: Plaintiffs' anticipate filing a dispositive motion concerning its § 7(a)(2) claim.

Defendants: Any such motion by Plaintiffs is premature, given the four pending motions to dismiss. Defendants anticipate filing motions for summary judgment on all of Plaintiffs' claims if the pending motions to dismiss are denied. The parties should establish a mutually-agreeable schedule for any such dispositive motion.

IX.   Settlement Plan        **(Check one)**

A.        X(Plaintiffs' position) Settlement Conference Requested after <u>September 2020</u>.
                                Describe settlement judge expertise required, if any:_____

B.        _____        Private Mediation Scheduled:

C.        _____        Other ADR **(Explain)** _____

D.        ___x___        ADR is not appropriate in this case **(Explain)** _____

It is Defendants' position that if the pending motions to dismiss are denied, the case should be reviewed on the administrative record and ADR is not appropriate.

X.   Does this case warrant special case management?

No.

XI.   Do the parties request that the Court hold a scheduling conference?

Yes___X (plaintiffs)___        No ____X_(defendants)__

It is Defendants' position that any scheduling conference should be held after resolution of the four pending motions to dismiss. Only once those motions are resolved, will it be clear what defendants and what claims remain in the case. Any scheduling conference prior to resolution of these issues would be a waste of judicial resources as well as the parties' resources.

**If a conference is to be held, it will be set by subsequent Minute Order.**

*Revised September 2018.*

Read and Approved by:

/s/David P. Page
David P. Page
Maria Luckert
***Attorneys for Plaintiffs***

/s/Brian Nazarenus
Brian Nazarenus
***Attorney for Defendants David Holt, in his official capacity as Mayor of the City of Oklahoma City, and Carl Edwards, in his official capacity as Chairman of the Board of Trustees of the Oklahoma City Water Utilities Trust***

/s/Mithun Mansinghani
Mithun Mansinghani
Maria O'Brien
Sarah Stevenson
***Attorneys for Defendants Governor Kevin Stitt, in his official capacity as Governor of the State of Oklahoma, and Julie Stitt, in her official capacity as Executive Director of the Oklahoma Water Resources Board***

/s/Michael Burrage
Michael Burrage
Patricia Sawyer
***Attorneys for Defendants Bill Anoatubby, in his official capacity as Governor of the Chickasaw Nation, and Gary Batton, in his official capacity as Chief of the Choctaw Nation of Oklahoma***

/s/Susan Brandon
Susan Brandon
Bridget McNeil
***Attorneys for Defendant David Bernhardt, in his official capacity as acting Secretary of the U.S. Department of Interior***

*Revised September 2018.*